```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


KEVIN UPSHAW, in his capacity  )
as TRUSTEE-BENEFICIARY for     )
RICHARD J. WARD TRUST          )
                               )
            Plaintiff,         )   Civil Action No.
                               )   13-10303-DPW
       v.                      )
                               )
U.S. BANK,                     )
                               )
            Defendant.         )
```

## MEMORANDUM AND ORDER
### March 27, 2014

The plaintiff in this case claims to be the trustee and beneficiary of a trust that was entitled to receive certain property upon the death of one Richard Ward of Des Moines, Iowa. Following Mr. Ward's death and the understandably unsuccessful efforts to contact him thereafter about the lack of activity in his account, defendant U.S. Bank in accordance with Iowa law escheated the funds to the Iowa State Treasurer's Office.

The plaintiff made a claim to the Treasurer's Office for the escheated funds. As alleged by the plaintiff in previous litigation in this court, *Upshaw* v. *Fitzgerald*, 12-cv-11682-FDS, the Treasurer denied the claim. Judge Saylor dismissed the plaintiff's case against the Treasurer as a result of the plaintiff's failure to provide the documentation required to proceed *in forma pauperis*. *See id.* The plaintiff then brought this action against U.S. Bank.

Although the defendant has filed an extensive affidavit to demonstrate that this case is fraudulently conceived, I have limited my review of the merits of the defendant's motion to dismiss the complaint and other court documents of which I may properly take judicial notice without transforming the motion into one for summary judgment.[1]

The short and sufficient answer to the plaintiff's complaint is that he is foreclosed from pursuing this matter because a judgment has been entered against him after jury trial for forgery and false statement in connection with the Trust pursuant to which he claims the escheated funds. *See Commonwealth* v. *Upshaw*, No. ESCR2012-00624 (Essex Superior Court), *appeal docketed*, 2014-P-0170 (Massachusetts Appeals Court). That judgment determines adversely to the plaintiff material elements of the claim he presents in this action. Under Massachusetts law, it is a final judgment despite the pendency of an appeal. *O'Brien* v. *Hanover Ins. Co.*, 692 N.E.2d 39, 44 (Mass. 1998). As a consequence, the law of *res judicata* bars this action. *See id.; Matsushita Elec. Indus. Co.*, Ltd. v. *Epstein*, 516 U.S. 367,

---

[1] I note, however, that the only allegation in the plaintiff's complaint that arguably suggests a plausible claim for relief – that U.S. Bank escheated the funds "without prior notice [s]erved upon the decedent at his last known address on file[] at US Bank," Compl. ¶ 7 – would appear to be false based on the defendant's submission to the court of a copy of the April 22, 2008 notice the Bank mailed to Mr. Ward's last known address notifying him that his account was in jeopardy of being deemed abandoned due to inactivity. Def.'s Ex. 2.

373 (1996) (Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must give preclusive effect to a state court judgment if the state court itself would).

Accordingly I GRANT the defendant's motion (#13) to dismiss and find the remaining outstanding motions (## 11, 18, 20 and 22) to be MOOT.  The Clerk is directed to enter a judgment of dismissal.

／s/ *Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT